IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| TIA JOHNSON and | ) | |
| FRANCOIS JOHNSON, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| v. | ) | No. 2:16-cv-2975-JTF-dkv |
| | ) | |
| WELLS FARGO HOME MORTGAGE, | ) | |
|  et al., | ) | |
| | ) | |
|     Defendants. | ) | |

_____

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND GRANTING DEFENDANTS WILSON & ASSOCIATES,
PLLC, AND DEFENDANTS WALLACE AND MILLER'S MOTIONS TO DISMISS**
_____

Before the Court are a Motion to Dismiss filed by Wilson & Associates, PLLC, ("Wilson") and a Motion to Dismiss Shellie Wallace and Courtney Miller ("Separate Defendants" or "Wallace and Miller"), filed on February 21, 2017 and February 22, 2017, respectively. (ECF Nos. 21 & 23). On March 13, 2017, Plaintiffs, proceeding *pro se,* filed Responses to both Motions to Dismiss. (ECF Nos. 33 & 34). Pursuant to Administrative Order 2013-15, the case was referred to the United States Magistrate Judge for management of all pretrial matters. On September 5, 2017, the Magistrate Judge issued a Report and Recommendation recommending that the Court grant the motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 43). On September 22, 2017, Plaintiffs filed an "Affidavit of Facts in Response to Magistrate Report and Recommendation" that will be construed as objections to the report and recommendation. (ECF No. 44). Upon *de novo* review, the Court adopts the

1

Magistrate Judge's report and recommendation and orders Defendant Wilson & Associates, PLLC, and Defendants Shellie Wallace and Courtney Miller Dismissed.

## II. LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *See e.g. Baker v. Peterson*, 67 Fed. App'x. 308, 311, (6th Cir. 2003) and Fed. R. Civ. P. 72(a). A district court judge must review dispositive motions under the *de novo* standard. *See Matthews v. Weber*, 423 U.S. 261, 275 (1976); *Baker*, 67 Fed. App'x. at 311 and 28 U.S.C. § 636 (b)(1)(B). After review, the district court is free to accept, reject or modify the magistrate judge's proposed findings or recommendations. *See Thomas*, 474 U.S. 140, 150 (1985).

Any party who disagrees with a Magistrate Judge's recommendation may file written objections. *Id.*, 474 U.S. at 142; Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Tenn. West. LR 72.1(g)(2). A failure to file specific objections to a magistrate judge's report does not meet the requirement of filing an objection at all. *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 509 (6th Cir 1991); *McCready v. Kamminga*, 113 Fed. App'x. 47, 49 (6th Cir. 2004). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown v. Board of Educ. of Shelby County Schools*, 47 F.Supp.3d 665, 674 (W.D. Tenn. 2014). "Pro se complaints are to be held "to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed. . . . Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III. FINDINGS OF FACT

In his report and recommendation, the Magistrate Judge provided a summary of the facts of this case. In essence, the Plaintiffs initiated this lawsuit, raising various claims against Wells Fargo Home Mortgage, the holder of mortgage, its law firm, Wilson & Associates, PLLC ("Wilson"), and two attorneys employed by the Wilson firm, Courtney Miller ("Miller") and Shellie Wallace ("Wallace") for claims related to the foreclosure of Plaintiffs' home. As noted above, Plaintiffs filed an "Affidavit of Facts in Response to the Magistrate Judge's Report and Recommendation," or objections. The Court does not find that these objections pertain to the factual findings in the Magistrate Judge's report and recommendation. Therefore, the Court adopts the Magistrate Judge's proposed finding of facts as the factual history of this case.

## IV. ANALYSIS

The Magistrate Judge recommends that the Court grant the Defendants' motions to dismiss Plaintiffs' cause of action against these three parties because Plaintiffs: 1) have not provided a legal basis to proceed against the Wilson firm for a claim of unlawful foreclosure; 2) did not provide any facts supporting their assertion that Wilson, or Attorneys Wallace and Miller were servicers of the loan and as such and responsible for responding to their Qualified Written Request; 3) have not stated a viable claim that Defendants' misrepresented HUD policy; and 4) failed to properly perfect service of process against the Wilson firm pursuant to Fed. R. Civ. P. 4(h)(2) or against the individual Defendants Wallace or Miller pursuant to Fed. R. Civ. P. 4(e). Plaintiffs object to the Magistrate Judge's report and recommendation that they failed to state claims for relief because 1) they alleged valid RESPA claims based on Wells Fargo's failure to respond; and 2) Wilson and Associates, as a conduit for Wells Fargo, also had a duty to respond to their inquiries.

Plaintiffs contend that the Wilson firm lacked the authority to pursue foreclosure proceedings on behalf of Wells Fargo Bank because Wells Fargo Bank, N.A. was not the original holder of their mortgage loan. (ECF No. 1, pp. 1-2). They also allege that Wilson failed to properly respond to their Qualified Written Requests or "validate the debt." (ECF No. 1, pp. 3-7). The Magistrate Judge concluded that Plaintiffs are attempting to allege unlawful foreclosure claims against Wilson and Associates by not following "the rule of the information and process of the letter sent to Plaintiffs dated October 25, 2016." The Magistrate Judge determined that Plaintiffs have not demonstrated that the law firm or the individual attorneys are servicers of the loan. (ECF No. 43, pp. 2, 5, ECF No. 1, p. 6 & ECF No. 1-6). Within their objections to the Report and Recommendation, Plaintiffs affirm that they are raising unlawful foreclosure claims against Wilson based on fraud. They reiterate their contention that Wilson and Associates was hired to begin the foreclosure process on behalf of Wells Fargo, which in this case, Plaintiffs aver is not the owner of their note. (ECF No. 44, p. 4).

In a similar case, the undersigned Court has held that a law firm or attorneys for the foreclosing party owe no duty to the mortgagor in these circumstances. Instead, the firm and its attorneys are merely enforcing a security interest in the property through foreclosure proceedings. *Maurice Morris v. Nationstar Mortgage, LLC, Mortgage Electronic Registration System, HSBC Bank, and Weiss Spicer Cash*, PLLC, No. 15-cvg-2642-JTF-tmp, 2016 WL 3637207, at *2 (W.D. Tenn. June 30, 2016)(citing *Montgomery v. Huntington Bank,* 346 F.3d 693, 700 (6th Cir. 2003) and *Lyons v. Trott*, 905 F.Supp.2d 768, 772 (E.D. Mich. 2012)). Accordingly, the Court adopts the Magistrate Judge's recommendation to dismiss this claim against the law firm and its associates.

Plaintiffs also alleged that the law firm misrepresented HUD policy by prematurely sending them a Notice of Pending Occupancy before the mortgage company had a right to possess the property and the home was in fact vacate. (ECF No. 1, p. 8). On this issue, the Magistrate Judge concluded that Plaintiffs had failed to provide a factual or legal basis for this claim. (ECF No. 43, p. 5). Plaintiffs respond that the attached exhibits to their complaint adequately support this claim. (ECF No. 34-1). In the objections, Plaintiffs reassert that Wilson's letter misrepresented HUD practices and that the Magistrate Judge unfairly recommended dismissal of this claim. (ECF No. 44. pp. 5-6).

HUD is authorized under 24 C.F.R. 203.675 (a) and (b) to send a Notice of Pending Acquisition "at least 60 days, but no more than 90 days, before the date on which the mortgagee reasonably expects to acquire title to the property." Plaintiffs acknowledge that said notice allows the occupant a chance to file an application with the HUD Secretary to remain in the property under certain circumstances. *See also Estep v. Manley Deas Kochlaski, LLC*, 552 Fed. Appx. 502, at *2 (6th Cir. 2014). Plaintiffs object that the Magistrate Judge recommended dismissal of their claims against Wilson and Associates and the attorneys for their failure to cite legal authority in their complaint. (ECF No. 44, p. 2). Within the report and recommendation, the Magistrate Judge asserted," Plaintiffs, in their Complaint, lack any citation to authority for the misrepresentation of HUD claim based on a notice letter sent to them and their Complaint contains the barest of facts to support this allegation." (ECF No. 43, p. 5). The Magistrate Judge did not recommend dismissal of the claims based on Plaintiffs' mere failure to cite any controlling authority. Instead, the Magistrate Judge recommended dismissal because Plaintiffs' claims against these Defendants lack substantive legal merit. (ECF No. 43). The Court agrees with the Magistrate Judge that Plaintiffs have failed to adequately support this claim.

The Magistrate Judge determined that Defendants have not been properly served. In their response to the Wilson's Motion to Dismiss, Plaintiffs state, "Plaintiffs mailed a Summons and Complaint, addressed to "Wilson and Associates, PLLC," on February 2, 2017, via U.S. Mail." (ECF No. 34-1, p. 1; see also ECF Nos. 16-18, & 21, p. 1. ¶¶1, 8-9). The record also shows that Plaintiffs attempted service upon the Wilson firm, and Attorneys Wallace and Miller by certified mail. (ECF Nos. 20, 25 & 26). Plaintiffs object, asserting that although they failed to follow the procedural rules, they did in good faith, provide Defendants with actual notice of their claims. They also state that Defendants have not been prejudiced. (ECF No. 44, pp. 6-7). As such, Plaintiffs concede that they did not adhere to the service requirements of Fed. R. Civ. P. 4.

Therefore, after a *de novo* review of the Magistrate Judge's Report and Recommendation, Plaintiffs' "Affidavit of Facts" or Objections thereto, including the Defendants' respective Motions to Dismiss and Plaintiffs' Responses, the Court hereby ADOPTS the Magistrate Judge's Report and Recommendation in its entirety and OVERRULES all objections.

## **CONCLUSION**

Accordingly, it is therefore ordered that the Motions to Dismiss, ECF Nos. 21 & 23, that were filed by Wilson and Associates, PLLC, and the individually-named Defendants Courtney Miller and Shellie Wallace shall be Granted and the parties DISMISSED with prejudice. The case shall proceed against the remaining Defendants Wells Fargo Home Mortgage and its individually-named employees Tasha Prevette, Leesa Whitt-Potter, and Joseph Wenker pending a ruling their Motion to Dismiss.

**IT IS SO ORDERED** on this 25th day of September, 2017.

*s/John T. Fowlkes, Jr*.
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE