# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| TIA JOHNSON and <br> FRANCOIS JOHNSON, <br><br> Plaintiffs, <br> v. <br><br> WELLS FARGO HOME MORTGAGE, <br> et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> )     No. 2:16-cv-2975-JTF-egb <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS WELLS FARGO BANK, N.A. AND WELLS FARGO EMPLOYEES' MOTION TO DISMISS

Before the Court is a Motion to Dismiss filed by Wells Fargo Bank, N.A. and employees Tasha Prevette, Leesa Whitt-Potter, and Joseph Wenker, (collectively "Wells Fargo") that was filed on March 7, 2017. (ECF No. 28.) On March 21, 2017, Plaintiffs, proceeding *pro se*, filed a response to the motion to dismiss. (ECF No. 35.) Pursuant to Administrative Order 2013-15, the case was referred to the United States Magistrate Judge for management of all pretrial matters. On January 8, 2018, the Magistrate Judge issued a Report and Recommendation that the Court grant the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 52.) On March 2, 2017, Plaintiffs filed an Affidavit of Facts In Support of Plaintiffs' Objections to Magistrate Report and Recommendations, Plaintiffs' Objection to Denying Leave to Amend Civil Complaint in response to the report and recommendation. (ECF No. 59). Upon *de novo* review, the Court adopts the Magistrate Judge's report and recommendation and finds that the Wells Fargo Defendants should be Dismissed.

## II. LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *See e.g. Baker v. Peterson*, 67 Fed. App'x. 308, 311, (6th Cir. 2003) and Fed. R. Civ. P. 72(a). A district court judge must review dispositive motions under the *de novo* standard. *See Matthews v. Weber*, 423 U.S. 261, 275 (1976); *Baker*, 67 Fed. App'x. at 311 and 28 U.S.C. § 636 (b)(1)(B). After review, the district court is free to accept, reject or modify the magistrate judge's proposed findings or recommendations. *See Thomas*, 474 U.S. 140, 150 (1985).

Any party who disagrees with a Magistrate Judge's recommendation may file written objections. *Id.*, 474 U.S. at 142; Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Tenn. West. LR 72.1(g)(2). A failure to file specific objections to a magistrate judge's report does not meet the requirement of filing an objection at all. *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 509 (6th Cir 1991); *McCready v. Kamminga*, 113 Fed. App'x. 47, 49 (6th Cir. 2004). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown v. Board of Educ. of Shelby County Schools*, 47 F.Supp.3d 665, 674 (W.D. Tenn. 2014). "Pro se complaints are to be held "to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed. . . . Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III. FINDINGS OF FACT

In his report and recommendation, the Magistrate Judge summarized the facts as follows: Plaintiffs contest whether Wells Fargo actually financed their home mortgage; assert that Wells Fargo improperly refused payments offered to Wells Fargo in order to pay off the mortgage; and

therefore, assert the follow claims against these parties: breach of contract, UCC violations and fraud. As noted above, Plaintiffs have filed an Affidavit of Facts that the Court will construe as objections to the Magistrate Judge's Report and Recommendation to grant the dismissal and to the Magistrate Judge's order deny the request for leave to amend the complaint. Upon consideration, Plaintiffs' objections do not pertain to the proposed factual findings in the Magistrate Judge's report and recommendation. Therefore, the Court adopts the Magistrate Judge's background summary as the relevant factual history of this case.

### IV. <u>ANALYSIS</u>

The Magistrate Judge recommends that the Court grant the Well Fargo Defendants' motion to dismiss for these reasons: 1) Plaintiffs have not asserts any facts to support their allegations of breach of contract under the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809; 2) Defendants responded to the written requests within the scope of the RESPA, those regarding servicing of the loan; 3) Plaintiffs' claims under the UCC should be denied because the terms of the note required payment in U.S. Currency and 4) Plaintiffs' claim of fraud is not stated with particularity as required by Fed. R. Civ. P. 9 (b). (ECF No. 52.)

The Court liberally construes Plaintiffs' objections to the Magistrate Judge's recommendation to dismiss their claims against the Wells Fargo defendants as follows: 1) the Complaint provides Wells Fargo with notice of their claims, implicitly or explicitly, along with adequate facts which support them; 2) Plaintiffs did not owe any money or default on the loan; 3) Wells Fargo has not verified actual ownership of the property and therefore, lacked standing to accelerate the loan and initiate foreclosure; 4) the RESPA claims are valid based on Wells Fargo's failure to respond to their qualified written requests ("QWR") regarding the amounts owed within five days; 5) Plaintiffs have standing to challenge the alleged assignment because

they may be at risk of paying the same debt twice; 6) defendant improperly rejected the third payment; and 7) Defendant would not be prejudiced by the Court granting Plaintiff's leave to amend because the parties have not yet engaged in discovery but should be granted because the parties have not engaged in discovery. (ECF No. 59.)

Plaintiffs contend that the deed listed as Instrument #12006292 that was recorded in the Shelby County Register's office on November 3, 2016, does not include an assignment of the note and deed of trust to Wells Fargo denoting proper ownership and therefore does not demonstrate that Wells Fargo owned the note. (ECF No. 59, 7 ¶18, 8 ¶ 20.) This argument is incorrect. "An assignment of a note is enforceable regardless of whether it is recorded." *Thompson v. Bank of America, N.A.,* 773 F.3d 741, 749 (6th Cir. 2014). Plaintiffs also assert that they do have standing to challenge the assignment as obligors under the note in order to avoid paying for the same debt twice. (ECF No. 59, 3-4, 7.) However, the limited exception that allows challenges to assignments does not apply in this instance. Similar to the facts in *Livonia*,

> In this case, [the borrower] is not at risk of paying the debt twice, because [the assignee] has established that it holds the original note. [The assignee] has produced ample documentation that it was in possession of the note and had been assigned all rights therein prior to the initiation of foreclosure proceedings.… Without a genuine claim that [the assignee] is not the rightful owner of the loan and that [the borrower] might therefore be subject to double liability on its debt, [the borrower] cannot credibly claim to have standing to challenge the First Assignment.

*Carmack v. Bank of New York Mellon*, 534, Fed. Appx. 508, 512 (6th Cir. 2013)(quoting *Livonia Property Holdings, LLC v.* 399 Fed. Appx 97, 102 (2010)). The lender listed on the original note executed on January 13, 2012 is Wells Fargo Bank, N.A. and the borrower/debtor is Tia L. Johnson for the purchase of property at 6740 Pheasant Walk Cove, Memphis, Tennessee 38141

for $126,606.00.[1] The same security instrument designated that payments were to be made to Wells Fargo Home Mortgage, the lender. (ECF No. 28-2, 1, Exh. 1.) The accompanying deed of trust indicates that the beneficiary of the deed of trust is Wells Fargo Bank, N.A. and that tax statements were to be mailed to Well Fargo Home Mortgage. (ECF Nos. 28-2, 4 & 59-1). In addition to the security instrument, the parties executed a "Planned Unit Development Rider" or "PUD" in order to further secure the mortgage note owed to Wells Fargo Bank, N.A. (ECF No. 28-2, 12.) Therefore, the Court agrees with the Magistrate Judge's determination that Wells Fargo owned and serviced the loan. These documents also negate any possibility that the borrowers in this case could face double liability based on a fraudulent or unlawful assignment. (ECF No. 28-2, 1-2.) Plaintiffs' objections that they have standing to challenge the loan and that Wells Fargo did not establish proof of ownership of the note are without merit.

Plaintiffs also object to the report asserting that they did not owe any money or default on the loan; the third payment, another promissory note, was wrongfully rejected by an employee of Wells Fargo, Joseph Wenkler in violation of the U.C.C. § 3-603; and Defendant Wells Fargo lacked grounds to accelerate the debt. (ECF No. 59, 6-7.) In response, Wells Fargo asserts that the documents Ms. Johnson submitted to pay off her mortgage were non-legal tender promissory notes, not United States currency, in contradiction of the terms of her note. The Court agrees. The note clearly provides: "Each monthly payment of principal and interest will be in the amount of U.S. $604.44." (ECF No. 28-2, 1.) Despite Plaintiffs' objections, Wells Fargo established that this information was communicated to Plaintiff by written correspondence dated September 22, 2016, and that she owed a total of $10,666.35 to bring her account current. (ECF No. 28-4, 1-4, Exh. 3.) Copies of the Promissory Note and Correspondence from Wells Fargo were attached as well. (ECF Nos. 28-1, 4; 28-3, 1-2 and 28-4.) In addition, Plaintiffs concede

---
[1] The Deed of Trust listed this instrument as FHA Case No. 482-4342429-703. (ECF No. 59-1, p. 1.)

that they attempted to pay the Defendants in a form other than U.S. currency by the negotiable instrument on file.  (ECF No. 59, 10, 12, ¶¶ 33-36.)  A borrower may not absolve an obligation to pay a note by conjuring up another method for payment in contradiction of the mortgage loan agreement.  Accordingly, the Magistrate Judge correctly concludes that Plaintiffs' RESPA claims for failure to respond to her QWRs should be dismissed because her unanswered requests did not pertain to the servicing of the loan as required by 12 U.S.C. § 2604(e)(1). (ECF No. 52, p. 5).  It is also apparent that notice was provided and that Plaintiffs defaulted on the loan.  These objections are overruled.

Because Plaintiffs have failed to allege any facts in the complaint or objections to the report and recommendation that would allow a reasonable inference that the Wells Fargo defendants are liable for any UCC or RESPA violations, there is no need for discovery. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 556.  Again, it would be futile to allow an amended complaint, when there have been no alleged improprieties in the servicing of the loan by Wells Fargo or its named employees.  Pursuant to Fed. R. Civ. P. 15(a), a proposed amended pleading is futile if the amendments would fail to state a claim upon which relief may be granted.  *Gibson v. Mortgage Electronic Registration Systems, Inc.*, No. 11-2173-STA, 2012 WL 1601313, at *3 (W.D. Tenn. May 7, 2012).  In denying these objections, the Court again agrees with the Magistrate Judge that Plaintiffs' request for leave to amend the complaint should be Denied.[2]

The Magistrate Judge also recommends dismissal of Plaintiffs' "blanket" claim that Defendants have committed fraud for failure to state this claim with particularity as required by

---

[2] The Magistrate Judge previously granted Defendants' Motion to Strike the Amendment Complaint, ECF No. 46, finding that said amendment was not only futile but prejudicial under Rule 15. The Magistrate Judge determined that the proposed amended complaint should be stricken because it was filed without leave of court and premised on new and illogical allegations of conspiracy and the illegality of the banking institution without any basis in law or facts. (ECF Nos. 53, 2, & ECF No. 47).

Fed. R. Civ. P. 9(b). The Magistrate Judge determined that Plaintiff merely asserted that the Wells Fargo Defendants have committed fraud. (ECF No. 52, 6.) In the objections, Plaintiffs again request leave to amend and agree that "nowhere in its Original Complaint… does the Plaintiffs state Fraud as a claim…That is a Claim in the "Amended Complaint." (ECF No. 59, 18.) Therefore, Plaintiffs agree with the Magistrate Judge's recommendation regarding this claim.

Accordingly, the Court adopts the Magistrate Judge's recommendation to dismiss this claim against Wells Fargo and its employees. The Court finds the remaining objections are highly incoherent, general allegations that should be disregarded. *Morris v. Nationstar Mortgage, LLC*, No. 15-cv-2643-JTF-tmp, 2016 WL 3637202, at *3 (W.D. Tenn. June 30, 2016), *McCready v. Kamminga*, 113 Fed. Appx. 47 at **2 (6th Cir. 2004)(quoting *Howard v. Sec. of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991))(a general objection is considered the equivalent of failing to object entirely). "[A] court cannot "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 Fed. Appx. 608, 613 (6th Cir. 2011).

After a *de novo* review of the Magistrate Judge's Report and Recommendation, Plaintiffs' Affidavit of Facts and Objections, and Defendants' motion to dismiss, the Court overrules all of Plaintiffs' objections and adopts the Magistrate Judge's Report and Recommendation in its entirety.

## **CONCLUSION**

Accordingly, the Court adopts the Magistrate Judge's report and recommendation, ECF No. 52, and Grants the Motion to Dismiss filed by Defendant Wells Fargo Home Mortgage and its employees Tasha Prevette, Leesa Whitt-Potter, and Joseph Wenker, ECF No. 28. As such,

Plaintiffs' Motion to Compel, ECF No. 49, is terminated as moot and the case is ordered Dismissed with Prejudice.

**IT IS SO ORDERED** on this 23rd day of March, 2018.

*s/John T. Fowlkes, Jr*.
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE
